UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20792-CIV-MARTINEZ/SANCHEZ

12FIVE CAPITAL, LLC,

    Plaintiff,

v.

LANDOVER SYSTEMS, LLC,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON
### PLAINTIFF'S MOTIONS FOR FINAL DEFAULT JUDGMENT

This matter is before the Court on Plaintiff, 12five Capital, LLC's ("Plaintiff" or "12five") Motion for Final Default Judgment against Defendant Landover Systems, LLC ("Defendant" or "Landover"), ECF No. 10.[1] Landover did not respond to the Complaint, ECF No. 1, or to Plaintiff's Application for Default, ECF No. 5, and the deadlines to do so have long passed. After careful consideration of the Plaintiff's filings, the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 10, and Plaintiff's Motion for Final Default Judgment, ECF No. 12, be **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

Plaintiff filed its Complaint with this Court on February 29, 2024. ECF No. 1. In the complaint, Plaintiff alleges claims for breach of contract and promissory estoppel related to money

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this motion to the undersigned for a Report and Recommendation. ECF No. 11. Plaintiff subsequently filed a second Motion for Final Default Judgment, ECF No. 12, which, aside from the addition of a proposed order, is identical to ECF No. 10.

Landover owes Plaintiff for several unpaid invoices. *Id.* Plaintiff alleges subject matter jurisdiction based on the diversity of citizenship between the parties. *Id.* at ¶ 3. Landover was served with the Complaint via its registered agent on March 7, 2024. ECF No. 4.

Having not received a response to its Complaint, Plaintiff moved for entry of a Clerk's Default, which was entered on June 10, 2024. ECF Nos. 5, 6. Plaintiff then filed its Motion for Final Default Judgment, ECF No. 10; *see also* ECF No. 12. To date, Landover has not filed a response to the Complaint or to the motions for default judgment, and it has not filed any appearance, motion, or any other papers in this action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55. For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default. Fed. R. Civ. P. 55(a). Thereafter, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel, Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

A Clerk's entry of default, however, does not automatically entitle a plaintiff to a default judgment. *See, e.g.*, *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 WL 6731041, at *1 (S.D. Fla. Oct. 27, 2020) (explaining that a motion for default judgment "is not granted as a matter of right"), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020). "Prior to entering a default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defendant, the defendant has been properly served, and the complaint adequately states a claim upon which relief may be granted." *Verdejo v. HP Inc.*, No. 21-20431-CIV-SCOLA, 2021 WL 5933727, at *12 (S.D.

Fla. Nov. 8, 2021) (citing *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001)), *appeal dismissed*, No. 21-14267-JJ, 2022 WL 758024 (11th Cir. Jan. 20, 2022).  Indeed, to enter a default judgment, the Court must have subject matter jurisdiction over the claim against a defendant; otherwise, the default judgment would be void.  *See Kivisto v. Kulmala*, Case No. 11-CV-81135-RYSKAMP/VITUNAC, 2012 WL 13019213, at *3 n.2 (S.D. Fla. Mar. 16, 2012) (citing *Patray v. Nw. Pub., Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996)); *see also Armstrong v. United States*, No. 21-10200, 2021 WL 6101492, at *1 (11th Cir. Dec. 21, 2021) (concluding that district court "did not err by denying [plaintiff's] motion for default judgment because, given [court's] lack of subject matter jurisdiction, it was powerless to do anything else").

Additionally, a court must examine whether it has subject matter jurisdiction at any stage of the proceedings where that jurisdiction may appear in doubt, regardless of whether the issue is raised by the parties.  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (recognizing court's obligation to determine the existence of subject matter jurisdiction even absent a challenge from any party).

When filing suit in federal court, a plaintiff must allege facts that, if true, show that federal subject matter jurisdiction exists over the case.  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  But "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### III.   ANALYSIS

In its Complaint, Plaintiff seeks money damages against Landover for breach of contract and promissory estoppel after Landover allegedly violated the parties' Payment Agreement by

missing a scheduled payment and failing to timely cure the missed payment.  ECF No. 1 at ¶ 22; *see* ECF No. 1-8 (Payment Agreement and Notice of Default).  As explained below, however, Plaintiff has failed to establish subject matter jurisdiction.

Plaintiff asserts that the Court has subject matter jurisdiction over its claims against Landover under 28 U.S.C. § 1332 "because the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs, and the dispute is between citizens of different states."  ECF No. 1 at ¶ 3.

District courts have "original jurisdiction in civil actions between citizens of different States" when the "matter in controversy" exceeds $75,000.  *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. § 1332(a).  To establish diversity of citizenship, no plaintiff can be a citizen of the same state as any of the defendants.  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978).  Critically, it is citizenship, not residence, that determines diversity.  *See, e.g.*, *Taylor*, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  When determining citizenship, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen," and as a result, "a party must list the citizenships of all the members of the limited liability company."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Here, Plaintiff's Complaint fails to allege facts sufficient to establish diversity jurisdiction.  Plaintiff's only relevant assertion is that "*[u]pon information and belief*, Defendant is a *resident of Florida.*"  ECF No. 1 at ¶ 3 (emphasis added).  Plaintiff incorrectly focuses on Landover's *residence*, even though diversity jurisdiction depends on diversity of *citizenship*.  *See Taylor*, 30

4

F.3d at 1367.  As a result, Plaintiff fails to allege the critical citizenships of Landover's members.  *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

Moreover, it is not enough for Plaintiff to allege jurisdictional facts on information and belief.  *See, e.g.*, *Admiral Ins. Co. v. VPRART, LLC*, No. 21-cv-21312-BLOOM/OTAZO-REYES, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021) (noting that "it is *never* appropriate to plead jurisdictional allegations upon information and belief"); *Dockery v. Hartford Ins. Co. of the Midwest*, No. 19-21904-CIV-SCOLA, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (explaining that pleading residency only "'upon information and belief' . . . does not qualify as a 'fact' establishing jurisdiction," because "[a] party's citizenship must be asserted without qualification"); *Great Am. Ins. Co. v. Delphini Const. Co.*, 14-cv-1412-Orl-41DAB, 2016 WL 11565619, at *4 (M.D. Fla. Mar. 9, 2016) (explaining that conclusory assertions that LLC's "members, *upon information and belief*, are citizens of Florida" are not, unlike well-pled allegations of *fact*, admitted on default); *see also Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (courts must "be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century").

Plaintiff has not provided sufficient affirmative facts to establish the identity and citizenships of the individuals or entities who are members of Landover for the Court to determine whether the parties are diverse.  Thus, the Plaintiff has failed to establish that the Court has subject matter jurisdiction over this case.  Unless the Plaintiff remedies its jurisdictional allegations, the Court is powerless to grant a default judgment or any other relief.

## IV.   CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Final Default Judgment, ECF No. 10, and Plaintiff's Motion for Final

Default Judgment, ECF No. 12, be **DENIED WITHOUT PREJUDICE**, and that Plaintiff be provided with an opportunity to file an amended complaint that remedies the Plaintiff's deficient allegations concerning the citizenship of the parties and the Court's subject matter jurisdiction.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 146-47 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 28th day of January 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record